UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC X. MURILLO,<br><br>        Plaintiff,<br><br>    v.<br><br>WEST COUNTY DETENTION FACILITY, et al.,<br><br>        Defendants. | Case No. 25-cv-05932-RFL<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 4 |

**INTRODUCTION**

Eric Murillo, a detainee at Martinez Detention Facility, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff was previously granted leave to proceed *in forma pauperis*. The complaint is now before the Court for review pursuant to 28 U.S.C. § 1915A(a). The complaint is DISMISSED with leave to file an amended complaint on or before **December 22, 2025**. Failure to file a proper amended complaint by December 22, 2025, or a failure to comply in every respect with the instructions given in this order, will result in the dismissal of this suit under Rule 41(b) for failure to prosecute. In a concurrent order, the Court dismissed a later filed case as duplicative of this earlier action. *See Murillo v. West County Detention Facility*, Case No. 25-cv-6263 RFL. Plaintiff shall bring all the claims in an amended complaint in this case.

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See*

28 U.S.C. § 1915A(a). In its review, a court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Allegations**

Plaintiff alleges as follows: There was excessive noise and an awful smell from a nearby construction site. (Dkt. No. 1 at 2.) Plaintiff filed grievances but was informed that the construction would continue. (*Id.* at 3.) Plaintiff contends that the noise starts at 3:55 a.m. and does not stop until 5:00 p.m. He states it caused discomfort and headaches, and the headache medication causes sleep deprivation. (*Id.*)

**C.     Analysis**

When a pretrial detainee challenges conditions of his confinement, the proper inquiry is whether the conditions amount to punishment in violation of the Due Process Clause of the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). "'[T]he State does

not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law. Where the State seeks to impose punishment without such an adjudication, the pertinent guarantee is the Due Process Clause of the Fourteenth Amendment.'" *Id*. (quoting *Ingraham v. Wright*, 430 U.S. 651, 671-72 n.40 (1977)). The state may detain a pretrial detainee "to ensure his presence at trial and may subject him to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment or otherwise violate the Constitution." *Id*. at 536-37. "To constitute punishment, a government action must (i) harm a detainee and (ii) be intended to punish him." *Houston v. Maricopa County*, 116 F.4th 935, 940 (9th Cir. 2024).

In the prison context, "[e]xisting precedent" recognizes that the Eighth Amendment affords "general rights against excess noise and prison conditions that deprive inmates of identifiable human need[s], such as sleep." *Rico v. Ducart*, 980 F.3d 1292, 1298 (9th Cir. 2020) (internal quotations omitted) (listing and reviewing cases). "While an inmate does not have a right to a quiet environment, an inmate does have a right to an environment that is "reasonably free" from constant, excessive noise caused by other inmates." *Id*. at 1299 (quoting *Keenan v. Hall*, 83 F.3d 1083, 1090 (9th Cir. 1996) (finding Eighth Amendment violation based on sleep deprivation caused by constant lighting and noise from other inmates)).

Ventilation is a fundamental attribute of "shelter" and "sanitation," both of which are basic Eighth Amendment concerns. *See Toussaint v. McCarthy*, 597 F. Supp. 1388, 1409 & n.39 (N.D. Cal. 1984), *aff"d in part and rev'd in part on other grounds by* 801 F.2d 1080 (9th Cir. 1986). Inadequate ventilation and air flow violates the Eighth Amendment if it "'undermines the health of inmates and the sanitation of the penitentiary.'" *Keenan*, 83 F.3d at 1090 (quoting *Hoptowit v. Spellman*, 753 F.2d 779, 784 (9th Cir. 1984)); *see*, *e.g.*, *id*. (plaintiff's allegations that cell permeated with air saturated with fumes of feces, urine and vomit sufficient to defeat summary judgment).

The complaint will be dismissed with leave to amend to provide more information. While Plaintiff presents general allegations in his brief filing, he must present more specific facts

regarding the frequency of the smell and noise issues and how they rose to constitutional violations. With respect to the noise, caselaw indicates "that constant, intense noise violates the Constitution," but that "infrequent, mild noise . . . does not." *Endsley v. Luna*, 750 F. Supp. 2d 1074, 1102 (C.D. Cal. 2010) (collecting cases). Plaintiff must provide more details regarding the types of noise from the construction and how often different construction noises occurred. *See Grizzle v. County of San Diego*, 2018 WL 1603212, at *5 (S.D. Cal. Apr. 3, 2018) ("Plaintiff has not stated how often the noise occurred, nor that it was constant. The Court cannot find that the noise is 'excessive' and therefore, Plaintiff has not alleged the noise level violates his constitutional rights.").

With respect to the smell, Plaintiff must describe the smell from the construction site and where the plumbing issues occurred, if it was in his cell or elsewhere in the facility, and how often it was present. He must present allegations that the smell undermined the health of detainees.

Plaintiff also requested the appointment of counsel. There is no constitutional right to counsel in a civil case, *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). Although district courts may "request" that counsel represent a litigant who is proceeding *in forma pauperis* as Plaintiff is here, *see* 28 U.S.C. § 1915(e)(1), that does not give the courts the power to make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).

The Ninth Circuit has held that a district court may ask counsel to represent an indigent litigant only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Here, Plaintiff argues that this case is complex, and he will have difficulty prosecuting the action due to his confinement. (Dkt. No. 4 at 2-3)  These circumstances are not sufficiently "exceptional" to warrant appointment of counsel at this time. The Court determines that this

action does not present complex legal issues, and Plaintiff has ably prosecuted this case and several other actions in this Court.  It is too early in this litigation for the Court to determine the likelihood of success on the merits.  The motion is denied without prejudice.

## CONCLUSION

The motion to appoint counsel (Dkt. No. 4) is DENIED without prejudice.  The complaint is DISMISSED with leave to file an amended complaint on or before **December 22, 2025**.  The amended complaint must include the caption and civil case number used in this order (25-5932 RFL (PR)) and the words FIRST AMENDED COMPLAINT on the first page.  <u>The first amended complaint must also appear on this Court's form</u>, a copy of which will be sent to him.  Because an amended complaint completely replaces the previous complaints, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the Defendants he wishes to sue.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Plaintiff may not incorporate material from any prior complaint by reference.  Failure to file an amended complaint in accordance with this order will result in dismissal of this action under Federal Rule of Civil Procedure 41(b) without further notice to Plaintiff.

It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so.  Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: November 12, 2025

                                                                RITA F. LIN
                                                                United States District Judge